UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE "A MILLION LITTLE PIECES" LITIGATION

No. 06-md-1771

Hon. Richard J. Holwell

---

**DECLARATION OF EVAN J. SMITH, ESQUIRE IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' <u>FEES AND REIMBURSEMENT OF COSTS.</u>**

I, Evan J. Smith, Esquire, hereby declares:

1. I am an attorney, duly licensed and admitted to practice law in the State of New York and in this Court. I am a partner in the law firm of Brodsky & Smith, LLC, Class Counsel in these proceedings. I have personal knowledge of the facts set forth in this Declaration. If called upon and sworn as a witness, I could and would competently testify to these facts.

2. Counsel conducted an investigation of the claims, drafted complaints, briefed MDL proceedings, conducted extensive and hard fought negotiations over a four month period, drafted extensive settlement papers, briefed Preliminary Approval papers and competing Lead Counsel papers, reviewed confirmatory discovery, oversaw the notice and claims administration of the settlement fund and briefed final approval papers.

3. Lead Counsel also undertook substantial informal discovery – reviewing and analyzing two thousand pages of documents related to Defendant's statements, sales and royalties figures - to confirm the fairness of the Settlement.

4. Lead Counsel undertook all of the risks of this Action on a contingent fee basis - the risks of surviving dispositive motions, obtaining class certification, proving liability, loss

causation and damages, prevailing in the "battle of the experts," litigating the Action through trial and possible appeals, and being unable to collect on a judgment – litigating this Action for years, expending many hours of work, at great expense, and never being paid.

5. From the outset, Lead Counsel understood that it was embarking on a complex, expensive and lengthy litigation, which would require the investment of hundreds, if not thousands, of hours of attorney time, with no guarantee of ever being compensated for the investment of such time and money. Lead Counsel have not been compensated for any time or expenses since this Action began in January 2006.

6. Lead Counsel, Liaison Counsel and Settlement Counsel have devoted, in the aggregate, 1,721.03 hours in the prosecution of this Action as evidenced by the attached affidavits hereto.

7. Applying counsels' normal hourly rates to the hours expended in this Action yields an aggregate lodestar amount of $743,720.09, or 31.6% of the Settlement Fund as evidenced by the attached affidavits. As such, the request of fees in the amount of one third (33.333%) of the Settlement Fund created, or $783,333.33, equates to an application of a very reasonable multiplier of 1.05.

8. Counsel has incurred un-reimbursed expenses in the amount of $14,800.94 to date in connection with the prosecution of this Action. These expenses relate to photocopying of documents, on-line research, messenger services, postage, express mail and next day delivery, long distance telephone and facsimile expenses, transportation, meals, travel and other incidental expenses directly related to the prosecution of this Action.

9. Attached hereto as Exhibit "A" is a true and correct copy of Brodsky & Smith, LLC's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

10. Attached hereto as Exhibit "B" is a true and correct copy of Larry D. Drury, Ltd.'s affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

11. Attached hereto as Exhibit "C" is a true and correct copy of the Law Offices of Thomas Mullaney's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

12. Attached hereto as Exhibit "D" is a true and correct copy of the Law Offices of John Alexander's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

13. Attached hereto as Exhibit "E" is a true and correct copy of the Law Offices of DiTimasso & Lubin's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

14. Attached hereto as Exhibit "F" is a true and correct copy of Myers & Company's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

15. Attached hereto as Exhibit "G" is a true and correct copy of Napoli Bern & Ripka's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

16.     Attached hereto as Exhibit "H" is a true and correct copy of Law Office of Thomas Pakenas' affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

17.     Attached hereto as Exhibit "I" is a true and correct copy of Statman Harris & Eyrich's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

18.     Attached hereto as Exhibit "J" is a true and correct copy of Law Offices of Thomas Zimmerman's affidavit in support of this joint petition for attorneys' fees and reimbursement of costs in this action.

19.     Attached hereto as Exhibit "K" is a true and correct copy *A Supplement to The American Lawyer & Corporate Counsel Special Report "Litigation 2004 Plaintiff Power."*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: September 28, 2007              */s Evan J. Smith, Esquire (ES3254)*
                                       Evan J. Smith, Esquire (ES3254)